IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

                              Plaintiff,

     v.

JOSEPH BEAHM, PAMELA ZANK,
JESSE JONES, JANN JOHNSTON,
ANTHONY MELI, WILLIAM POLLARD,
ED WALL, DAN STRAHOTA
and DANIEL BRAEMER,

                              Defendants.

ORDER

16-cv-61-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order dated February 29, 2016, dkt. #8, I allowed pro se prisoner Leighton Lindsey to proceed on a claim that defendants Joseph Beahm and Jesse Jones (both correctional officers) used excessive force against him on December 23, 2011, in violation of the Eighth Amendment. However, I dismissed plaintiff's claim that several other officials could be held liable for failing to prevent the use of force because plaintiff had not alleged that the other officials were aware of any substantial risk that plaintiff would be harmed, which is the standard under the Eighth Amendment. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

       Now plaintiff has filed an amended complaint in which he adds more allegations against the dismissed defendants. Dkt. #13. In particular, plaintiff alleges that he

1

complained to each of those defendants (Ed Wall, William Pollard, Dan Strahota, Pamela Zank, Anthony Meli, Daniel Braemer and Jann Johnston) about threats of violence that defendant Beahm had made against him before the use of force on December 23, 2011. Accompanying his complaint are various documents, including what he says are letters that he sent defendants in which he discussed the alleged threats by Beahm. Dkt. #14. These allegations are sufficient to state a claim under the Eighth Amendment. Gevas v. McLaughlin, 798 F.3d 475, 481 (7th Cir. 2015) (plaintiff gave notice to defendants by informing them of "specific, repeated, imminent and plausible threat" against him); Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996) (per curiam) (in failure to protect cases, "[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety") (internal quotations omitted). Further, defendants have not filed their answer yet, so there is no prejudice to defendants. Accordingly, I am granting plaintiff's motion for leave to amend his complaint and accepting his amended complaint and accompanying exhibits as the operative pleading.

ORDER

IT IS ORDERED that

1. Plaintiff Leighton Lindsey's motions for leave to amend his complaint and to supplement his amended complaint with exhibits, dkt. ##12 and 15, are GRANTED. Plaintiff's amended complaint, dkt. #13, and accompanying exhibits, dkt. #14, are ACCEPTED as the operative pleading.

2. Plaintiff is now proceeding on the following claims:

(a) defendants Joseph Beahm and Jesse Jones used excessive force against him on December 23, 2011, in violation of the Eighth Amendment.

(b) defendants Ed Wall, William Pollard, Dan Strahota, Pamela Zank, Anthony Meli, Daniel Braemer and Jann Johnston were aware that defendant Beahm posed a substantial risk of serious harm to plaintiff but consciously refused to take reasonable measures to help plaintiff, in violation of the Eighth Amendment.

3. Pursuant to the informal service agreement, the Department of Justice will have 40 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's amended complaint if it accepts service for the new defendants.

Entered this 5th day of April, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge