IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

                                                                                                 ORDER

                Plaintiff,

                                                                                               16-cv-61-bbc

    v.

JOSEPH BEAHM, PAMELA ZANK,
JESSE JONES, JANN JOHNSTON,
ANTHONY MELI, WILLIAM POLLARD,
ED WALL, DAN STRAHOTA
and DANIEL BRAEMER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Leighton Lindsey is proceeding on the following claims under the Eighth Amendment: (1) defendants Joseph Beahm and Jesse Jones used excessive force against him; and (2) defendants Ed Wall, William Pollard, Dan Strahota, Pamela Zank, Anthony Meli, Daniel Braemer and Jann Johnston were aware that defendant Beahm posed a substantial risk of serious harm to plaintiff but consciously refused to take reasonable measures to help him. Now before the court is defendants' motion to dismiss the case as a sanction on the ground that plaintiff has fabricated documents to support his claim. Dkt. #29. Because defendants' motion requires a credibility determination, I am scheduling defendants' motion for an evidentiary hearing.

      In their motion, defendants allege that plaintiff fabricated several letters that he filed

1

with his amended complaint. Dkt. #14. These letters are addressed to defendants Pollard, Strahota, Wall, Meli, Zank and Braemer. Each of the letters is signed by plaintiff and dated several weeks before the alleged use of excessive force on December 23, 2011. Plaintiff alleges in the letters that defendant Beahm has been threatening to physically harm him and that he is afraid of what Beahm might do next.

Plaintiff did not file these letters with his original complaint. Rather, he included them with his amended complaint after I dismissed the claims against Pollard, Strahota, Wall, Meli, Zank and Braemer on ground that they were not involved in the alleged use of force and did not have reason to believe that plaintiff was in danger. As a result of plaintiff's new allegations about these defendants' awareness of the threat to plaintiff's safety, I reinstated the claims.

In their motion to dismiss, defendants focus on the letter to defendant Wall, which identifies him as "DOC Secretary." Dkt. #14 at 35. Defendants say that the letter is an obvious fake because Wall was not Secretary of the Department of Corrections at any time in 2011. Rather, Wall was not appointed to that position until Gary Hamblin's retirement in October 2012. Dkt. #30-1 and 30-2.

Defendants' allegations are serious. A party who falsifies evidence could face dismissal of his case as a sanction, Hoskins v. Dart, 633 F.3d 541, 542-44 (7th Cir. 2011); Negrete v. National Railroad Passenger Corp., 547 F.3d 721, 722-24 (7th Cir. 2008); Allen v. Chicago Transit Authority, 317 F.3d 696, 703 (7th Cir. 2003), or even referral to the United States Attorney for possible prosecution of perjury. Neal v. LaRiva, 765 F.3d 788, 790 (7th

Cir. 2014); Rivera v. Drake, 767 F.3d 685, 687 (7th Cir. 2014).

In response to defendants' motion, plaintiff does not deny that Hamblin rather than Wall was Secretary in 2011, but plaintiff adheres to his story that he wrote all the letters in 2011. His explanation is that, when he wrote the letters, he was relying on information he received from another prisoner, who told him that Wall was Secretary at the time. Dkt. #31. Thus, the letter to Wall was simply a mistake.

Although plaintiff's explanation is far from compelling, I will reserve a ruling on defendants' motion until I can evaluate his credibility at a hearing. The general rule is that a court should not sanction a party before giving him a hearing, Roadway Exp., Inc. v. Piper, 447 U.S. 752, 767 (1980), particularly in a case such as this one that requires a credibility determination. In re Kunstler, 914 F.2d 505, 521 (4th Cir. 1990); Donaldson v. Clark, 819 F.2d 1551, 1561 (11th Cir.1987). See also Carter v. Waterman, No. 13-cv-742-bbc, 2015 WL 6143471, at *5 (W.D. Wis. Oct. 19, 2015) (scheduling hearing on defendants' motion to sanction plaintiff for fabricating evidence); Uhde v. Bitsky, No. 03-cv-323-bbc (W.D. Wis. Apr. 1, 2004) (same). At the hearing, both sides should be prepared to produce any evidence they have to support their version of the facts on the question whether plaintiff falsified one or more letters to bolster his claim. In addition, in the event that I determine that a sanction is appropriate, the parties should be prepared to argue (with appropriate legal authority) what that sanction should be.

In closing, I note that plaintiff offers to dismiss his claim against defendant Wall as a resolution to defendants' motion. However, if defendants' allegations are true, simply

dismissing Wall would not be an appropriate sanction. If the only consequence of submitting a fraudulent claim is dismissal of that claim, there is no disincentive for the fraud. In other words, there is no deterrent value in dismissing a claim as a sanction when the claim had no merit in the first place. Rivera, 767 F.3d at 687 ("The judicial system cannot function if the only consequence of lying is the loss of a suit that would have had no chance from the outset, had the truth been told."). Thus, if plaintiff does not believe that he can prove that he made an honest mistake, he is free to move to dismiss his entire case <u>with prejudice</u> before the hearing. However, he cannot avoid the sanctions hearing simply by seeking to drop one claim.

ORDER

IT IS ORDERED that an evidentiary hearing will be held on defendants' motion for sanctions on Wednesday, July 20, 2016 at 9:00 a.m. The clerk of court is directed to issue a writ of habeas corpus ad testificandum for plaintiff Leighton Lindsey. Plaintiff should arrive no later than 30 minutes before the hearing is scheduled to begin.

Entered this 30th day of June, 2016.

                BY THE COURT:

                /s/

                BARBARA B. CRABB
                District Judge