IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

Plaintiff,

v.

JOSEPH BEAHM, PAMELA ZANK,
JESSE JONES, JANN JOHNSTON,
ANTHONY MELI, WILLIAM POLLARD,
ED WALL, DAN STRAHOTA
and DANIEL BRAEMER,

Defendants.

ORDER

16-cv-61-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Leighton Lindsey is proceeding on the following claims under the Eighth Amendment: (1) defendants Joseph Beahm and Jesse Jones used excessive force against him; and (2) defendants Ed Wall, William Pollard, Dan Strahota, Pamela Zank, Anthony Meli, Daniel Braemer and Jann Johnston were aware that defendant Beahm posed a substantial risk of serious harm to plaintiff but consciously refused to take reasonable measures to help him. An evidentiary hearing is scheduled for July 20, 2016, on defendants' motions for sanctions. Defendants ask that plaintiff's case be dismissed because he fabricated evidence to support his claims. In particular, defendants point to a letter dated in 2011 (before the alleged use of excessive force) and addressed to "DOC Secretary Ed Wall" in which plaintiff complains about defendant Beahm threatening him. Defendants

argue that the letter is a fake because defendant Wall was not Secretary in 2011, Gary Hamblin was.

In anticipation of the hearing, plaintiff has filed a petition for a writ of habeas corpus ad testificandum with respect to Christopher Goodvine, another prisoner. Dkt. #41. In his unsworn petition, plaintiff says that Goodvine will testify that he (Goodvine) "is responsible for giving [plaintiff] the incorrect information that [plaintiff] was to substitute Gary Hamblin for Ed Wall." Accompanying plaintiff's petition is a request for permission to confer with Goodvine at the courthouse before the hearing begins. Dkt. #42.

I am denying both of plaintiff's requests. As an initial matter, plaintiff has not given any indication that Goodvine has agreed to testify voluntarily. Plaintiff did not provide a declaration from Goodvine and he does not say in his petition that Goodvine has agreed to testify. Without such an agreement, plaintiff would need to subpoena Goodvine, something that plaintiff has not requested.

Even setting aside the issue of Goodvine's willingness to testify, plaintiff has not shown that he is entitled to a writ. In considering whether to issue a writ for an incarcerated witness, the court must weigh the plaintiff's need for the proposed testimony against the costs of bringing the witness to court. Perotti v. Quinones, 790 F.3d 712 (7th Cir. 2015). In this case, plaintiff has not shown that Goodvine's testimony will be helpful for him, much less that the probative value of the testimony outweighs the potential financial and security costs of bringing Goodvine to the courthouse.

On its face, plaintiff's petition suggests that Goodvine cannot provide any relevant

testimony. Plaintiff says that Goodvine will testify that he told plaintiff "to substitute Gary Hamblin for Ed Wall." This suggests that Goodvine told plaintiff to sue Hamblin, not Wall. If that is true, it does not help plaintiff's case because plaintiff did not heed that advice. Plaintiff did not name Hamblin as a defendant in this case and he does not allege that he ever wrote Hamblin about the issues related to this case.

It may be that plaintiff meant to say that Goodvine told him to write Ed Wall instead of Gary Hamblin. However, if this is what plaintiff means to allege, he has not provided grounds for believing that Goodvine will give this testimony. First, the allegation contradicts what plaintiff alleged in his written response to defendants' motion for sanctions. In that document, plaintiff said that he sent a letter to Wall in 2011 because he relied on information that he received from a prisoner named G'esa Kalafi-Felton. In support, plaintiff attached two letters dated in 2011 from Kalafi-Felton to plaintiff regarding other litigation that plaintiff was pursuing at the time. Dkt. #31. (Neither letter discussed the issues related to this lawsuit.) Plaintiff said nothing in his opposition brief about Christopher Goodvine.

In his petition, plaintiff does not explain why he is no longer alleging that Kalafi-Felton gave him incorrect information and he does not explain why he believes now that Goodvine was the source of that information. Plaintiff does not allege that Goodvine was assisting him with writing letters in 2011 or otherwise acting as his jailhouse lawyer. Even if he was, Goodvine correctly identified Hamblin as Secretary in a lawsuit he filed in early 2012, Goodvine v. Meisner, No. 12-cv-134-wmc (W.D. Wis. Feb. 23, 2012), so it is

implausible that Goodvine would have been ignorant of this fact only a few months earlier. Further, plaintiff identifies no reason why Goodvine would have given him false information knowingly.

In short, plaintiff has not identified any reason to believe that Goodvine will testify that he told plaintiff that Wall was Secretary of the Wisconsin Department of Corrections in 2011. Accordingly, I see no reason to compel Goodvine to come to court to testify for plaintiff. Of course, plaintiff remains free to provide his own testimony at the hearing regarding the letter to defendant Wall.

ORDER

IT IS ORDERED that plaintiff Leighton Lindsey's petition for a writ of habeas corpus ad testificandum as to Christopher Goodvine, dkt. #41, and plaintiff's motion to confer with Goodvine in advance of the sanctions hearing, dkt. #42, are DENIED.

Entered this 14th day of July, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge