IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON LINDSEY,

                                            ORDER

                    Plaintiff,

                                         16-cv-61-bbc

          v.

JOSEPH BEAHM, PAMELA ZANK,
JESSE JONES, JANN JOHNSTON,
ANTHONY MELI, WILLIAM POLLARD,
ED WALL, DAN STRAHOTA, and
DANIEL BRAEMER,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

An evidentiary hearing was held in this case on July 20, 2016 on the motion of

defendants Joseph Beahm, Pamela Zank, Jesse Jones, Jann Johnston, Anthony Meli, William

Pollard, Ed Wall, Dan Strahota and Daniel Braemer to dismiss plaintiff Leighton Lindsey's

suit as a sanction for his alleged fabrication of documents submitted to this court in support

of his civil suit.  Dkt. #29.  That the documents were fabricated was evident from the

obvious changes in dates, the use of plain pieces of paper in place of institution forms, the

fact that plaintiff tried to introduce a document he had addressed to Ed Wall as Secretary

of the Department of Corrections in 2011 and plaintiff's inability to provide a plausible

explanation for the discrepancies in the filings.  This was particularly true with respect to the

document addressed to Ed Wall, who did not become the Department Secretary until

October 2012, when his predecessor retired early for health reasons.  The purpose of the fabricated documents was clear: plaintiff was trying to show that he had given advance warning to institution officials that defendants Jones and Beahm were planning to attack him on December 23, 2011.

As I explained to plaintiff at the conclusion of the hearing, courts cannot function properly if litigants file fabricated documents in support of their claims.  Plaintiff's filings created considerable expense and inconvenience for both the court and defendants and took up time that could have been devoted to legitimate claims.  Although plaintiff was willing to drop his claim against defendant Wall, his offer fell short of providing adequate deterrence for plaintiff's misconduct.  Under the circumstances, dismissal of the entire case was warranted.   There was no point in proceeding on any claims based so heavily on questionable documents.

Because this is the first time that plaintiff is being sanctioned by the court, I decline to impose additional sanctions at this time.  If plaintiff continues to make false allegations in this court and engages in other litigation misconduct, I will consider whether a more severe sanction is appropriate, including a monetary sanction and bar on filing additional lawsuits in this court.  Carr v. Tillery,  591 F.3d 909, 920-21 (7th Cir. 2010); Alexander v. United States, 121 F.3d 312 (7th Cir. 1997); Support Systems International Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995).

ORDER

IT IS ORDERED that plaintiff Leighton Lindsay's case, 16-cv-661-bbc, is DISMISSED as a sanction for plaintiff's fabrication of evidence implicating the named defendants. The clerk of court is directed to enter judgment accordingly.

Entered this 1st day of August, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

3